United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                               Case No. 17-12822-jkf
Tod Jeffrey Cashatt                                                  Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: Lisa              Page 1 of 1              Date Rcvd: Nov 13, 2019
                            Form ID: 318            Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2019.
db              +Tod Jeffrey Cashatt,    212 South Ironstone Dr.,    Boyertown, PA 19512-8608
smg             +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                  Allentown, PA 18101-1603
smg              City Treasurer,   Eighth and Washington Streets,    Reading, PA 19601
smg             +Dun & Bradstreet, INC,    3501 Corporate Pkwy,   P.O. Box 520,    Centre Valley, PA 18034-0520
smg             +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg             +Tax Claim Bureau,   633 Court Street,    Second Floor,    Reading, PA 19601-4300
13922591        +Tri County Federal CU,    1550 Medical Dr.,   Pottstown, PA 19464-3225
14018313        +U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PE,    211 North Front Street,
                  Harrisburg, PA 17101-1406
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr              +EDI: QLEFELDMAN.COM Nov 14 2019 08:28:00     LYNN E. FELDMAN,    Feldman Law Offices PC,
                  221 N. Cedar Crest Blvd.,    Allentown, PA 18104-4603
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 14 2019 03:40:28
                  Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
                  Harrisburg, PA 17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 14 2019 03:40:38      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13922588        +EDI: GMACFS.COM Nov 14 2019 08:28:00     Ally Bank,    P.O. Box 380902,
                  Minneapolis, MN 55438-0902
13929715         EDI: GMACFS.COM Nov 14 2019 08:28:00     Ally Bank,    PO Box 130424,   Roseville MN 55113-0004
13922589        +E-mail/Text: blegal@phfa.org Nov 14 2019 03:40:32     PHFA,    211 N. Front St.,
                  P.O. Box 15628,    Harrisburg, PA 17105-5628
13922590        +EDI: SEARS.COM Nov 14 2019 08:28:00     Sears credit card,    P.O. Box 6282,
                  Sioux Falls, SD 57117-6282
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2019 at the address(es) listed below:
              JOSEPH T. BAMBRICK, JR.    on behalf of Debtor Tod Jeffrey Cashatt NO1JTB@juno.com
              KEVIN G. MCDONALD    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY). bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY). lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              LYNN E. FELDMAN    trustee.feldman@rcn.com,    lfeldman@ecf.axosfs.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY). bkgroup@kmllawgroup.com
              ROLANDO  RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
               ecfmail@readingch13.com,    ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 8

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Tod Jeffrey Cashatt** | Social Security number or ITIN  **xxx−xx−4814** |
| | First Name    Middle Name    Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | _____ | Social Security number or ITIN  _ _ _ _ |
| | First Name    Middle Name    Last Name | EIN  _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **17−12822−jkf**

# Order of Discharge                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Tod Jeffrey Cashatt

11/13/19                                                              **By the court:**   <u>Jean K. FitzSimon</u>
                                                                                             United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                              **Order of Discharge**                                    page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**